and may it please the Court, my name is Jeff Hansen. I represent the appellant in this case, William Vail. Mr. Hansen, I think you know that there is an almost identical case that was argued, Meek? Yes, Your Honor. And that case, as you also know, I think, has priority? It does, Your Honor. The amazing thing about Mr. Meek's case is that that was my case originally in the district court. I had filed some of the original motions and then another attorney was retained to pursue the appeal. So I do understand that that case has been argued before, Your Honor. I mean, it's before another panel of this Court. Yes. Which means that we will be unable to decide that issue. We'll be bound by the other panel and we'll have to wait for its decision. And so it appears that my oral argument will be fairly short, Your Honor? Yes. Not everybody tumbles to that. Well, I can see the handwriting on the wall in that respect. Would Your Honors then like to hear oral argument with respect to the indictment issue in this case, which is a somewhat different issue than was presented in the Meek case? The Meek case, as I understand it, went, of course, to the applicability of 2423 and 2422 in sting operations. I did raise two other issues in my brief, which, if Your Honors will let me briefly address, I would appreciate the Court's indulgence in that respect. The other issue I raised with respect to the indictment is that in this case, my client was charged in a sting operation, but the indictment on its face did not, with respect to count 1, allege that my client believed that the individual was, in fact, under the age of 18. It asserted in straightforward fashion that my client did attempt or did travel with the intent of having sex with somebody under the age of 18. On its face, I think it thus did not charge what, in fact, the Meek panel may well decide is an appropriate charge in sting operations. But more importantly, Your Honors, with respect to count 1, there is a requirement with respect to any 2423 prosecution that an individual travel not only with the intent to have sex with somebody other than the age of 18, but also that had that act been completed, it would have violated Chapter 109 of the Federal Code. And in this regard, that is a requirement. And the government alleged in the indictment in my case, that is, Mr. Vail's case, that my client attempted to have sex with somebody between the ages of 12 and 16. It was my argument below, and it's my argument here, that that specific allegation was not surplusage, but was rather something that the government was required to prove in order for my client to be convicted of count 1. And they failed to show that insofar as the only allegation was that my client got on a plane to travel from Chicago to San Francisco with hopes of meeting the undercover agent who was posing as a minor. Because the allegations were specifically set forth in the indictment and because they were not proven, there is the individual argument, regardless of how the Court decides on the applicability of the statutes, that he is not guilty of count 1. Now, the government in response argues that this was not a constructive amendment of the indictment, because essentially, as I said earlier, it was surplusage. And I think the argument boils down to a situation where you have an indictment which alleges a specific act under a statute, and that specific allegation is not proved. I think the best analogy might be if somebody said the defendant is charged with robbing a bank, that is, he robbed a federally insured institution to wit the Wells Fargo Bank on Mission and 7th Street on January 2nd. And then you go to trial with that specific factual allegation contained in the indictment, and, in fact, they prove a totally different bank. Even though the indictment says on its face or alleges that he violated the law and they allege the elements, that is, that by force, fear, and intimidation, he took money from a federally insured institution, a factual allegation which gives me specific reference as to what I have to defend in an indictment must be proven by the government. Here the specific allegation was that my client attempted to have sex with somebody between the ages of 12 and 16, and that allegation was not proven. And so in that regard, I believe, with respect to count one, that my client is not guilty. With respect to count two, the allegation is straightforward, and I've said it forth in my briefs, Your Honor, and I will not repeat it at great length. Again, it almost stems from a very similar kind of argument. When you allege in an indictment specifically that my client intended to have sex with somebody between the ages or under the age of 18, and do not say in the allegation or somebody who the defendant believed was under the age of 18, you have a fatal flaw in the indictment and my client could not be convicted as a factual matter. The final argument, then, Your Honors, and I will obviously keep this brief in light of Your Honors' opening statements, is that my client also was denied the acceptance of responsibility in this case, and I would plead to the Court that this Court reverse that finding. My client and Your Honors know from having reviewed the issues before you with respect to the legality or the applicability of 2423 and 2422 that these are very complex issues and ones that many of us have struggled with in the district courts as the sting operations have been used to prosecute individuals across the country. And my client submitted to the district court all of the facts that are before you for purposes of that decision being rendered. He stipulated to the admission of all of the tapes, all of the undercover tapes, all of the relevant documents, and had to or not had to, did in fact voluntarily say to the probation officer and to the court that he was genuinely remorseful for his actions in having traveled to meet the undercover agent who was posing as a minor. I don't know what else a defendant can do in a situation such as this to get acceptance of responsibility. And I say that, Your Honors, because when you have an indictment which is charged in the fashion in which this one was, that is, that simply says he traveled with the intent to have sex with a minor, and the indictment does not use the words or believed was a minor. I could not in any under any of the applicable criminal rules file a motion to dismiss or challenge the legality of the applicability of these statutes in any fashion. I had to go to trial in order to preserve the issue. We couldn't even enter a conditional plea because of the manner in which the indictment was drafted. And so having been put in that position of having to do that. I don't understand why you couldn't have a conditional plea. Here's the problem, Your Honor. The conditional plea preserves a pretrial motion, either a motion to suppress or a motion to dismiss. I could not file a motion to dismiss because of the manner in which the indictment was drafted. If I did the indictment on its face presented no legal issues. It said that my client traveled with the intent to have sex with somebody under the age of 18. Right. If, in fact, it had been a real person under the age of 18, it would have been a valid charge and I could not have challenged it. So the manner in which I had a challenge was to say, well, I think what you're really alleging here, what the proof is going to show at trial, that it isn't somebody under the age of 18. It's an adult. But my client believed that person was over the age. And so. I don't know why you couldn't file a conditional plea and you would move to dismiss basically making the argument that you made in your brief, which is that if there is no child at the end of the rainbow, then you have to dismiss the indictment because there's no violation of the statute. That would have been, Your Honor, the equivalent of a civil motion for summary judgment. That is, knowing the facts, as we did going into this, knowing the facts, that we believe that when those facts are shown at trial, you would not have a violation of the law. But there is no ability that we have in a criminal case to file that kind of motion. The conditional plea, again, presupposes that, in fact, the facts are as alleged in the indictment. And so I just, there wasn't that civil equivalent, and I wish there was. And, in fact, we could. Ginsburg. Well, let me, you can clear something up then, because as I read the district court, he recognized that this was available to you in principle, but felt that you were not just challenging legal intent, but actually challenging the intent to meet a minor. What Judge Hamilton ruled after the fact is that during the course of our stipulated facts trials, both parties used the witness, in this case an agent, to highlight aspects of the, of the transcripts. I think that she construed, I think fairly read, she construed some of my questions of the agent in the highlights as essentially having my client suggest that he had not, in fact, initiated some of the contact, or had not, had, in fact, essentially been led to come to San Francisco by actions of the agents. Now, in the end, I did not raise an entrapment defense, but I think that the record was, was not disputed in that regard. So the question becomes, I guess, when one looks at undisputed facts, and a judge says to you, a district court judge, as Judge Hamilton did here, Mr. Hanson, because you've highlighted certain aspects of that, I believe that you're not really accepting responsibility, whether that is, in fact, something subject to a clearly erroneous review by you, and I would suggest it would not be the case when, in fact, as I said, those facts were undisputed, as was the case here. But, Your Honor, you, Judge McKeown, you go back to another question, which is whether she suggested this was available to me in another context, and we did discuss that, and it wasn't. I mentioned to her at some point in prior proceedings, and, you know, unfortunately we don't have that record here, that I would have liked to have done that. As a way of doing it, I filed a motion to suppress, and I argued that, in fact, the motion to suppress should be granted because it was an illegal search, because the statutes that were being used were illegal. But she denied that, and it would have come to this Court in a very different posture if, in fact, I had simply entered a conditional plea with respect to the motion to suppress. So in that regards, Your Honor, when one was confronted, as I was, with the necessity of going to trial and then having a client who essentially, I think the record fairly shows, came to California certainly hoping to have sex with Tammy, the undercover agent, but also having clearly indicated that his intent was only to engage in activities that she saw fit, that when I or when my client indicated that to the probation officer at the end of the day, the judge felt that that was insufficient to accept full responsibility. I again believe that that was an erroneous finding by the Court, that we in good faith approached this. Well, let me ask you this. I read the probation report, and the section here where the probation officer discuss adjustment for acceptance of responsibility. In the last sentence, the probation officer sets forth your client's statement. Yes, it does, Your Honor. And you're right. At the very end of it, he says, I'm generally remorseful for all I have done and regret more than I can say the hurt I have caused my family. And I think he said something similar to that at the time of the sentencing. He did less artfully, Your Honor, but something similar. And what the probation officer said in her recommendation to the district court was that although the defendant provided the undersign with the statement that I just did not admit traveling to California to engage in a sexual act with a minor. That is correct, Your Honor. And that seems to have been what prompted Judge Hamilton to deny the downward departure for or adjustment for acceptance. And that is correct, Your Honor. And the problem is that he ever did he ever say that he regretted or, you know, traveling to California with the intent to have sex with a minor? Your Honor, he did in a sense. And I'm not trying to play a semantic game here. Here was the difficulty. When an individual such as my client engages in discussions with an undercover agent and says to the undercover agent, as my client did, we'll do what you want to do, and time and again, if you look at all of the e-mails, well, what do you want to do? It was like two children, I don't know, what do you want to do? I don't know, what do you want to do? And you go back and forth with that kind of exchange. The concern was that my client came to California hoping to have sex with a minor. There's no issue and he's taken responsibility for that. What the probation officer demanded was something different. Probation officer wanted him to say, I was going to come here and have sex with this minor regardless, essentially having my client admit that he was coming to commit a rape or at least some other kind of abusive sexual contact. And that was not the case. And so my client had to say in some equivocal form, I was coming to San Francisco with the hopes and prayers that I was going to have sex with somebody who was with Tammy. But I can't say for sure what the nature of that sexual contact was going to be because that was going to depend on what she and I decided at the time we met. And the last conversations leading up to his trip went back and forth. Can we take a shower together? Can we sleep together? I won't hurry you. And all of that went back and forth. And so thus you had an admission of wrongdoing and an admission of remorse, but in the context of somewhat of a conditional intent. And the issue of conditional intent is a fascinating legal issue with respect to this statute. Again, I did not raise it here, but I think with respect to the acceptance of responsibility, my client was straightforward in the fact that he was coming here with the hopes of having sex. I don't know if it's semantic or not, but reading Judge Hamilton's statements at the sentencing, she said the client has essentially admitted that he traveled for the purpose of meeting her with the hope, as you have talked about, perhaps intimate sexual contact. I don't think it goes far enough. It doesn't indeed cover a critical element. It's not prohibited to travel across the country to meet with a 14-year-old. That's not prohibited. What's prohibited is traveling for the purpose of doing that, and he never admitted to it. So the question is, is his – she's sort of saying, well, I hope it works out. It's different than saying I traveled there for the purpose of having sex. If it didn't work out, of course it didn't, but that's not – so he's kind of playing somewhat of a semantic game, and I guess the question is, is the judge slicing it too thinly, or was he playing a semantic game? And it would behove my – my client was not playing a semantic game. I think that that was lawyering. That, unfortunately, is where you try to have a client be straightforward, because I didn't – I wasn't sure what exactly the Court was asking. I don't understand what the difference is between going somewhere with the hope of doing something and for the purpose of doing it. If you go there with the hope of doing it, you must be going there for the purpose of doing it. Your Honor, I think that's a way of looking at it. The problem is that – that, again, when you get to a statute like this, you have to define a specific sexual activity to come under the State. I don't think you've – I mean, if he said he was going there with the hope of doing something, isn't that the same as saying he's going there with a purpose? I thought the judge's objection was he didn't say he was going with a purpose of it. Well, I think the judge – But he only said he was going with a hope of it. What is the difference? Can you go with a hope of doing something without going with a purpose of doing it? No, Your Honor. I think that you cannot. And I think that's why, in this case, having indicated his – his desires to have sex with her, that that would fall under the coverage of the statute, which is where she found her guilty. Because then you go to what is the it, and you have to, under the statute, the it has to be something that's illegal, correct? Correct, Your Honor. And that's why these cases become somewhat difficult when you have no clear agreement between the parties as to what exactly it would be. I hate to sound like a past litigation with one of our presidents. It depends what it is. It does depend on what it is. And I guess that's the other thing. She was sort of suggesting, the judge was suggesting that the it wasn't really defined because they were in this dance, at least as described. But I'm not sure. It did seem that he said, I hope that I would have sexual – intimate sexual contact. That would be illegal, correct? It would be, Your Honor. With a 14-year-old. Yes, Your Honor. And so I think in that regard, I would hope the Court would remand it with the instructions that he received, the three points. I have about two minutes left in case there is any rebuttal to the government. Thank you. Well, we managed to take almost 20 minutes anyway without ever – without discussing what was originally the major issue. I hope to take much less time. May it please the Court. My name is Kyle Waldinger. I'm here to represent the United States. I first want to address the issue about acceptance in this hope versus purpose. Counsel for the first time admitted today that traveling with the hope of having sex is the same as traveling for the purpose of having sex. That's not what was argued below. The record is clear. In fact, the defendant argued, he said in the Rule 29 motion, my client only traveled with the hope of having perhaps intimate sexual conduct and that, therefore, the government has not proven that element of the statute. So that was one of the reasons why Judge Hamilton said that he hadn't accepted sex. Isn't that a legal argument? Let's assume he did. Let's assume the Court found he came with the hope of having sex. That was why he took the trip, to have sex. And the judge said, well, you have admitted. You came here for the purpose of having sex. You told us that was your hope when you came and the reason you came. I think that the judge could have found that. But isn't he then making a legal argument that that's not sufficient? And you're free to make legal arguments. I don't think that's a legal argument. I think he was saying that that's a factual. He's saying factually the government only showed that I traveled with the hope. And he's saying factually that doesn't meet the statute. And I – it is – it's fact and law mixed up together, Your Honor. And so what if he's wrong about that? What, it does meet the statute, let's say. Then he admitted – then he admitted a crime, basically, right? I think that that's true. I mean, it was the government's position that, A, it wasn't a conditional purpose. But so he did admit everything. The only thing is he thought he didn't, and he made an argument that he didn't. And, you know, so that's not as bad as urging entrapment, for instance. That only goes with respect to count one of the indictment, Your Honor. Count two of the indictment, the defendant didn't come anywhere close to admitting acceptance of responsibility for that. In that, he'd have to admit that he attempted to persuade, induce, or entice someone to engage in an illegal sexual act. And therefore, this hoping, the conditional purpose of traveling, doesn't relate to that count, because that – that crime was committed when he was still in Illinois, and the defendant didn't come close to gaining his acceptance responsibility points with respect to that. So how would that work out if he was half right? I think that it's within the judge's discretion, then. I think with respect to count one, it's a close call. For count two, it's not even a close call. I think it's within the judge's discretion and reviewed on clear air as to whether he accepted responsibility. There's also a separate issue. If, let's say, let's say the judge in her mind had decided that he didn't qualify on either one, we wouldn't know what the judge would do if it was sort of one-on-one, do we? I guess that we don't, Your Honor. And if you find that he should have received it on count one, it's perhaps the case that it would need to be remanded. It is the government's case. Why isn't the statement, I am extremely sorry for my behavior leading up to my arrest and conviction in this case, why doesn't that encompass what he did back in wherever it was he was from? Under the application notes to Guideline 3E1.1, application note 1A indicates that among many things that a defendant can do to get acceptance of responsibility is truthfully admitting the conduct comprising the offenses of conviction. So saying, you know, I'm sorry. Dipulated to a lot of the facts. But then argued that those facts didn't show. Well, I'm just talking for purposes of acceptance of responsibility, of acknowledgment that what he did was wrong, and he was remorseful for it. I don't think that if you look closely at the application notes to 3E1.1, because here we have a defendant that went to trial, and so the application notes say that acceptance of responsibility after going to trial and disputing factual issues is a rare – should be a rare circumstance. And the application note says that in that case, the court's determination would be based primarily upon pretrial statements and conduct. So even if he had fallen on his sword before the probation officer or at sentencing, the Guidelines say that really the court needs to be looking at pretrial statements as to whether he gets acceptance even after going to trial. What were the factual issues that he challenged at trial, in your view? He challenged many factual issues. With respect to Count 1, the 2423B charge, Your Honor, Mr. Vail argued in his Rule 29 brief that he denied traveling to California with the intent of engaging in a prohibited sexual act with Tammy. And I quote, "...there was insufficient evidence produced at trial to indicate that Mr. Vail intended to engage in any prohibited sex act. That seems to me to be a factual denial that he's guilty of the crime." He argued that he traveled to California to see Tammy out of friendship and that, therefore, he did not have the intent required by the statute. The district court recognized these arguments as factual denials. With respect to Count 2, brought under Section 2422B, he denied that he did not intend to persuade, induce or entice Tammy. He suggested that a significant portion of the inducement and enticement came from the agents. So he denied the intent element with respect to 2422B. Then he went and denied that he took a substantial step in that same. Step back on that one, because we – it is a little tricky, because what he – I thought what he was really arguing in his Rule 29 was it couldn't have had the intent as to the person who was actually at the other end, that being the agent. He argued that, but he argued even if there had been a real girl, that the government did not prove. And if you read the district court's Rule 29 order, the district court recognized that the defendant raised approximately, I think it was four or five legal arguments and two factual arguments. The district court recognized the defendant's arguments as factual denials and recognized that the defendant had denied essential elements of those crimes. And so the problem – that's why we have that standard statement in the summary judgment motions, and lots of them, whatever we say is fact, if it's law, it's law. If it's law, it's fact, because half the time we can't tell which is which. So the fact that you put them in different categories doesn't really mean much. It's very hard to tell what's a legal argument and what's a factual argument. And so mainly we end up saying, well, it's a mixed question. And I think that that's right, Your Honor. The question, when I come back to it, is – and the defendant talks about being prejudiced and not being able to bring a motion to dismiss or a conditional plea. And I frankly – first of all, he didn't bring a motion to dismiss, and so we don't know what would have happened. And he didn't try to enter into a conditional – he didn't try to make an open plea of guilty. My argument would be if the defendant had come before Judge Hamilton and admitted what he has admitted, Judge Hamilton wouldn't have found a factual basis for a plea. If he says – if the defendant would have said, yeah, you know, I talked with her over the Internet and the phone, but I didn't – I didn't take a substantial step, and I didn't intend to persuade, induce, or entice her to have sex, I think Judge Hamilton would have said, I can't accept your plea. Then how does he get to raise all these legal issues? He raises – he raises them. He has to essentially go to trial. And he went to trial on stipulated facts. He made it as easy as possible. He didn't just go to trial on the legal issues, Your Honor. He went to trial on the factual. And you have to recall – you have to remember that what you see in front of Your Honor – Let me ask you this. I don't recall, but maybe you can tell me. In addition to the stipulated facts, what other evidence did the government present? The agent essentially brought in the chats, e-mails, and phone conversations. The government also introduced a 404b witness to show the defendant's intent with respect to the 2422b charge. And the defendant opposed the introduction of that testimony. So, you know, and there was a motion in limine to keep it out, and nowhere in that motion in limine did the defendant say, well, I'm not disputing that I intended to persuade her to have sex. That was an issue that was brought. Your question, Your Honor, is wasn't the defendant forced to go to trial? Maybe he was forced to go to trial, but he wasn't forced to make factual denials at trial. And this would be a much different case, and I don't think the government would be saying that he's not entitled to acceptance if he had gone to trial and just raised the issues that Your Honors see. But what you see in front of you is not a carbon copy of what was brought below. And if it were, then I think the government would agree that he was entitled to acceptance. But he did more than raise factual issues and did more or did more than raise legal issues and did more than raise the legal issues that you see before you. And so that's why I think it's important to look at the record and what the factual denials that were made below. Let me ask it, trying to keep these statutes straight, because the numbers are so close. But section 2422b, which was the attempt to persuade for sexual the non-travel statute, I'll call it. Correct. So in the non-travel statute, if I'm looking at the district court's Rule 29 order saying that he tried to argue sufficiency of the evidence on whether there was a substantial step. That's correct. And whether these things like hugging and kissing were actually the kind of sexual activity that might be covered as being illegal. So he, if we accept that he challenged those on the sufficiency of the evidence, which would be a factual challenge, that relates to the non-travel statute. If you go to the travel statute, is there anything that he challenged factually on that statute, which is 2423b? Yes, he did, Your Honors. First of all, and one thing I haven't gone into, is his cross-examination at trial of the agent. And I don't want to rely on that too much, and it's set forth in the briefs, but the defendant tried to show through the agent that the defendant's baited the defendant to say or write things that he didn't mean, and that the agent steered chats and conversations to sex or to traveling to California. And I think when you look at the defendant's Rule 29 motion, that he then relies on this cross-examination to say that the defendant did not intend to engage in a prohibited sexual act with Tammy. And this is on the supplemental excerpt of record, pages 72 and 73, which has the defendant's Rule 29 motion. The defendant simply says, and I quote, And the district court, again, recognized all of these arguments as factual denials. On page 215 of the excerpts of record, the Court said in her Rule 29 order, Vail also argues that there is insufficient evidence that he intended to engage in a prohibited sexual act pursuant to sections 2423b. And then at sentencing, the Court noted that the defendant had said he was not guilty of the traveling count because he traveled only with the hopes of having perhaps intimate sexual contact. So, you know, if the defendant – the defendant certainly would have received the benefit of these factual denials if Judge Hamilton had agreed with him. He would have been acquitted on factual grounds, not just legal grounds. And I think that the purpose of – Can I just take you back one step? This issue of this hugging and kissing and whether that's enough to be a sexual act, the judge makes the distinction between the kinds of acts required under 22 and 23, and then she says at the end there that Vail's correct, that such activities would not necessarily satisfy the more narrow definition required under 2246-2, which is incorporated in what we're now calling the travel statute. So I guess I'm back to my question is, if this challenge didn't link up with the travel statute, is there anything else that you're relying on that we should look at as a challenge – factual challenge under the travel statute? I think that I did – I did cite pages out of the defendant's brief that were a challenge to the travel statute. Okay. 2423b. So those – I did rely on those and did point, Your Honor, to the portions of the record that show the factual denials with respect to the travel statute. All right. Thank you. And in the end, Judge Hamilton found, and this is in her Rule 29 order, page 216 of the excerpts of record, there's sufficient evidence that Vail intended to engage in sexual acts prohibited by section 2246, and she listed three. She found that he intended to engage in sexual intercourse under subsection A, oral sex under subsection B, and intentional touching of genitalia with intent to arouse under subsection D, and those findings are not disputed here. And there's nothing in the record that has the defendant admitting that that is what he wanted to do. Was that statement? Judge Hamilton's statement was on page 216 of the excerpts of record, lines 16 through 18, Your Honor. The last point that I'd like to make about acceptance of responsibility that has not been brought up is whether the defendant's entitled to the third point. Even if he's arguably entitled to the two points, he shouldn't be entitled to the third point. And so that's – I think that should be made clear. With respect to the other issues that counsel raised today, the first one is about this belief, the statutes talked about the purpose and that they should have said that the defendant believes something. And this is a sufficiency of the evidence argument, or it's couched in that, but it really is just a rehash of the minor argument. And I think that the government, under the plain language of the statutes, has met the elements. Now, with respect to the constructive amendment argument that counsel has made today with respect to count one of the indictment, there was language in the indictment that stated that the defendant – it used the phrase knowingly attempted. And the district court found that this was surplusage, because preceding the knowingly attempted language, the indictment had hit all of the other elements of the statute. And in reaching that decision, the district court relied on the Jenkins case, which is from this Court in 1986. Since then, Your Honors, this Court on March 30th of this year ruled in a similar case, United States v. Pang, and I have copies if Your Honors would like them. In Pang, the government filed an information in which it charged the defendant with acting knowingly and for the purpose of evading the reporting requirements. And when ruling on the instructions, the district court in that case ruled that knowingly is not an element of the offense and that its inclusion in the information was surplusage, and that, therefore, it merely instructed – it instructed the jury without that knowingly requirement. This Court on March 30th held that the district court did not err by refusing to instruct the jury to find the element – by refusing to instruct the jury to find an element that really isn't an element. And so if I could pass these to Your Honors, if that's permissible. I think it's a helpful case, and it only came to my attention after I'd already filed my 28J letter in the case. And I would also refer to you my 28J letter with respect to the acceptance of responsibility issue, and that is the United States v. Daychild and Nice opinion, which I also think is on point with respect to defendants who only admit facts but deny that the facts support the element of the offense. And with that, Your Honors, unless you have any further questions, I would close. Thank you. Thank you, counsel. Your Honors, there is a fundamental misunderstanding, I think, on the part of the government between a factual dispute and arguing whether the facts satisfy the law. The acceptance of responsibility provision in the guidelines clearly enabled a defendant to say or to challenge whether or not undisputed facts satisfy the elements of the offense, and that's what we did below. The government said that we made a number of factual challenges, and that's simply not true. The facts were undisputed with respect to all of the tapes. No additional evidence was entered whatsoever by the defendant. We did not cross-examine Jane Doe, who was called, even though we legally challenged the applicability of her testimony. And so we never made a single factual dispute. I did argue in the Rule 29 that the facts presented by the government did not satisfy the elements of the two statutes at issue. And again, the guidelines allow me to do so without losing my acceptance of responsibility points. And so when the government says that we have made factual disputes on a number of issues, that's simply not true. Your Honor, Judge McKeown, with respect to the what would happen with the acceptance of responsibility on the two different counts, with respect to count one, that was the only issue that was raised with regard to whether or not my client accepted responsibility. It was the only one on which the probation officer indicated she was unsatisfied, and it was the only one that the judge addressed at sentencing. And so I don't think there was any issue with respect to Your Honor's question regarding my client's general acceptance of responsibility and certainly admitting all of the facts. The count one travel was the one where they found that my client had not sufficiently admitted his intent. With respect to count two of engaging in the activities beforehand, there was never a dispute, both in terms of his accepting the facts that had been presented as well as his general acceptance or statement of remorse that he had accepted on that count. What practically this would occasion, Your Honor, is a slight reduction. Essentially, both counts would then become concurrent counts if, in fact, my client was given the acceptance with respect to count one. But I believe he has acceptance with respect to count two. And she's going to be able to make a brief reference also to the third point. The third point, Your Honor, relates, this was before the government had unilateral ability to decide whether we get that or not. In this case, from the very beginning, I indicated to the government, we indicated to the government we are willing to proceed on a stipulated facts trial. In fact, we suggested at the very earliest stages that it simply be given to Judge Hamilton without any witnesses testifying and simply submit all of the material to her. And so we very early on in the proceedings endeavored and, in fact, succeeded in having this case go to the judge on the legal issues without any expenditure of governmental resources. So we believe we'd be entitled to that as well. Thank you, Your Honor. Thank you, Mr. Duggan. The case, Mr. Duggan, will be submitted. The Court will take a brief recess.
judges: Reinhardt, McKeown, Paez